Filed 1/23/26  Riaz v. La Rocca CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SAMREEN RIAZ, Plaintiff and Appellant, v. LAWRENCE LA ROCCA, Defendant and Respondent. | F088880 (Super. Ct. No. VCU298300) **OPINION** |

APPEAL from an order of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Samreen Riaz, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

Samreen Riaz appeals an order dismissing her lawsuit filed against her former counsel.  She contends the trial court erred in vacating defaults and in granting an anti-SLAPP motion (Code Civ. Proc., § 425.16).  As explained below, Riaz's brief is too deficient to merit meaningful review.  Accordingly, we will affirm the trial court's order.

## BACKGROUND

In an earlier case—*Riaz v. Altura Centers for Health* (F085852, Jul. 30, 2024 [nonpub. opn.] (*Altura*))—we upheld a verdict entered against Riaz where she had sued her former employer for wrongful termination. In that matter, Riaz was represented by Raoul Severo and Lawrence LaRocca—the subjects of this litigation.

Severo and LaRocca, in the *Altura* case, filed declarations expressing doubt as to Riaz's mental competence. Indeed, the attorneys fervently sought permission to withdraw from the case and withdrawal was ultimately granted. We concluded withdrawal was properly granted on direct appeal from that case. (*Altura, supra,* F085852.)

The declarations from Severo and LaRocca in the *Altura* case generally form the basis for the complaint in this case. Riaz primarily complained her lawyers conspired with opposing counsel to undermine her allegations against the former employer by establishing her mental incompetence, and otherwise rendered deficient or adverse representation.

Defaults were entered against both LaRocca and Severo on the bases Riaz had personally served them with a complaint and summons. LaRocca moved "to set aside the default and permit an answer to the complaint" because he was not in fact served. The trial court examined the facts and found there was neither personal service nor substituted service. It accordingly granted the motion on the basis default was void (Code Civ. Proc., § 473, subd. (d)) and allowed LaRocca to file his "proposed answer[.]" The case against Severo concluded with substantially similar procedure and rulings.

2.

LaRocca then filed an anti-SLAPP motion to strike Riaz's complaint. The trial court concluded "the litigation privilege"—Civil Code section 47—supplied an insurmountable hurdle for Riaz to prevail. It then struck the complaint in its entirety.[1]

## DISCUSSION

On appeal, Riaz argues the trial court erred in vacating both defaults, erred in granting the anti-SLAPP motion, and erred in failing to recuse or disqualify itself. Her brief, however, fails to fairly summarize *all* facts. When a challenge involves resolving facts, appellants " ' "are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed to be waived." ' " (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 749 (*Myers*).) We find waiver applies to all issues.

For example, LaRocca stated he was not personally served and the individual who was served was not his agent. Severo, similarly, claimed he was not personally served and the served individual—the same individual involved in the alleged LaRocca service—was not his agent. Both LaRocca and Severo alleged they no longer worked at the address listed on each proof of service. The trial court of course impliedly accepted these representations by vacating the defaults, but Riaz does not mention these facts in her brief. Waiver is appropriate in this circumstance. (*Myers, supra,* 178 Cal.App.4th at p. 749.)

A self-represented party like Riaz " 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' [Citation.] Accordingly, we may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. We may disregard legal

---

[1] The record is unclear as to the status of the Severo case after that default was vacated as void. In other words, it is unknown how, or even if, that case resolved.

3.

arguments that are not supported by citations to legal authority [citation] or are conclusory[.]" (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520, fn. omitted.)

Riaz's brief, in addition to failing to fairly summarize the facts, is rife with conclusory argument. She, for example, repeatedly accuses the trial court of "conceal[ing]" facts simply because the court's written rulings do not explicitly address every single point and argument she alleged. "The doctrine of implied findings," however, "requires the appellate court to infer the trial court made all factual findings necessary to support the judgment." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) She also claims the "trial court ignore[d] multiple valid proofs of service," again ignoring the fact Severo and LaRocca each disputed effective service. These conclusory points, like all points in Riaz's brief, do not merit discussion.

Finally, as noted above, this case originates in Severo's and LaRocca's efforts to withdraw as counsel in the *Altura* matter. We previously upheld withdrawal on direct appeal in *Altura, supra,* F085852. There is no reason to revisit the issue.[2]

## DISPOSITION

The trial court's October 22, 2024, order is affirmed. No costs are awarded on appeal.

---

[2] A recurring theme in many of Riaz's appeals is her challenge to disqualification of the trial court judge. Again, " '[t]he determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding.' " (*People v. Panah* (2005) 35 Cal.4th 395, 444.)

Notably, this court recently declared Riaz a vexatious litigant in *Riaz v. Fahoum* (F087833, Oct. 10, 2025 [nonpub. opn.].) Because this appeal was filed before that finding, we of course do not apply the vexatious litigant rules in this case.

4.

SNAUFFER, J.

WE CONCUR:

LEVY, Acting P. J.

PEÑA, J.